FILED
2017 Jul-07  PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH J. GAMBLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **JURY DEMAND** |
| | ) | |
| **MERCEDES BENZ US** | ) | |
| **INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# COMPLAINT

## I.   JURISDICTION

1.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), 2201 and 2202 and  the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.*, and 42 U.S.C. §1981.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 §2000e *et seq.* and 42 U.S.C. §1981 providing for injunctive and other relief against retaliation in employment.

2.   The plaintiff filed his retaliation discrimination suit within 180 days of the discriminatory treatment and ninety (90) days from the receipt of his right-to-sue letter from the EEOC.

1

II.    **PARTIES**

3.      Plaintiff, Kenneth J. Gamble, is a Caucasian name citizen of the United States and a resident of the State of Alabama.  The plaintiff was employed by the defendant at its Vance, Tuscaloosa, Alabama location at all times relevant to this lawsuit.

4.      Defendant, Mercedes Benz US International, Inc., is a Corporation doing business in Alabama, and is an entity subject to suit under 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.  The defendant employs at least fifteen (15) persons.

III.   **CAUSES OF ACTION**

5.      The plaintiff re-alleges and incorporates by reference paragraphs 1-4 with the same force and effect as if fully set out in specific detail hereinbelow.

6.      The plaintiff has been retaliated against by the defendant in discipline, suspension and termination.

7.      The plaintiff was employed with the defendant prior to his discriminatory termination.  The plaintiff worked in Maintenance as a Team Member during his employment.  The plaintiff's Group Leader was Scotty Morris.  Ronnie Smith, African-American female, is/was a Group Leader over production who Maintenance had to answer to when Ronnie calls about equipment breakdowns on the production equipment.

2

8.     The plaintiff performed all his job duties and responsibilities as Team Member in a satisfactory manner.

9.     From late 2014 up until the plaintiff's retaliatory termination, he, along with other male employees, were constantly called "Boo" by Group Leader Ronnie Smith.  The plaintiff took offense to being called "Boo" by a supervisor.  It was a derogatory comment towards the plaintiff and other team members.  The plaintiff complained in monthly meetings and to HR specifically about being called "Boo" by Ronnie.  The plaintiff also complained to his Group Leader Morris and asked him to go to Ronnie's manager to have the name calling stopped.  However, nothing was ever done to stop Ronnie from addressing her team members in this fashion.

10.    Some time at the end of August/early September 2015, while sitting at his desk, workers on Trim 6 were making loud noises.  Everyone was asking what was going on and the plaintiff responded "I don't know but they sound like a bunch of monkeys in a jungle."  The plaintiff had no idea who the individuals were making the loud noises at work.  It just reminded him of the show Survivor when monkeys would start screaming at the contestants.  The comment was not made in any racially derogatory manner nor was it directed to any person.  At the time the plaintiff made the comment, none of his co-workers told him the comment was inappropriate or that they were offended by said comment.

3

11.    However, several days later, the plaintiff was called into a meeting where he was told that he had being accused of making a racial remark that could be considered harassment.  When the plaintiff was told what he supposedly said, it was incorrect.  The plaintiff was suspended immediately pending an investigation.  The plaintiff was told that he could have disciplinary actions taken against him up to and including termination.

12.    After the investigation, the plaintiff was ultimately terminated from his employment based on the defendant's "zero tolerance" policy.  However, individuals that have not complained about harassment as the plaintiff did (the "boo" comments), prior to his termination, have not been terminated.  Specifically, similarly situated employees have received disciplines such as demotions, moved to other departments, received level 3 corrective action, etc. in lieu of being terminated.  The plaintiff was not afforded such treatment.

13.    The plaintiff was terminated in retaliation for making numerous complaints about Ronnie Smith, Group Leader, to management and HR, which is a protected activity, in violation of Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981.

14.    The defendant's proffered reasons for plaintiff's discipline, suspension and subsequent termation were pretext for retaliation.

4

15.     The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, an injunctive and declaratory judgment is his only means of securing adequate relief.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV.  **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

2.     Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981.

3.     Enter an order requiring the defendant to make the plaintiff whole by awarding him the position he would have had occupied in the absence of retaliation, back-pay (plus interest), front-pay, punitive and compensatory damages and/or nominal damages, declaratory and injunctive relief, and benefits.

5

4.    The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

Gregory O. Wiggins
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS CHILDS PANTAZIS
      FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
205/254-1500 (fax)

PLAINTIFF REQUESTS A JURY TRIAL ON
ALL CLAIMS TRIABLE TO A JURY

OF COUNSEL

6

**DEFENDANT'S ADDRESS**
To Be Served Via Certified Mail

      Mercedes Benz U.S. International, Inc.
      1 Mercedes Drive
      Vance, Alabama 35490